IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBORAH LAVELLE,   Civil Action

      Plaintiff,   No. 2:25-cv-00786

v.

WPNT d/b/a STEEL CITY MEDIA,

      Defendant.   JURY TRIAL DEMANDED

## CIVIL COMPLAINT

Plaintiff, Deborah Lavelle, by undersigned counsel files this Civil Complaint and in support alleges the following.

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to Section 107 of the Americans with Disabilities Act, 42 U.S.C. §12117(a), incorporating by reference Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5; and 28 U.S.C. §§ 1331 and 1343(a)(4).

2. Plaintiff has satisfied all the procedural and administrative requirements set forth in Americans with Disabilities Act (ADA), in that:

    a. Plaintiff filed a timely written charge of disability discrimination and retaliation with the Equal Opportunity Employment Commission on February 13, 2024, and cross filed with the Pennsylvania Human Relations Commission;

    b. Plaintiff received a Notice of Right to Sue from the EEOC dated May 23, 2025; and

    c. This action was filed with this Court within 90 days of receipt of that Notice.

    d. More than one year has lapsed since Plaintiff filed her PHRC complaint.

## II. The Parties

3. Plaintiff Deborah Lavelle ("Lavelle" or "Plaintiff") is an individual who resides at 1033 Eagle Pointe Drive, Canonsburg, Washington County, Pennsylvania 15317.

4. Defendant, WPNT d/b/a Steel City Media ("Defendant") is a corporation with a place of business at 5000 McKnight Road, Pittsburgh, Allegheny County, Pennsylvania 15237.

5. Defendant is a covered entity within the meaning of the ADA, 42 U.S.C. §12111(2) and (5)(A) because it is an employer engaged in industry affecting commerce and has more than 15 persons employed for each working day in each of 20 or more calendar weeks in the current and/or preceding year.

## III. Factual Background

6. On or about February 28, 2022, Lavelle was hired as a full-time senior account executive.

7. Lavelle suffers from diabetes with pancreatic keto acidosis.

8. As a diabetic, she experiences diabetic shock and is unable to function, communicate or drive a vehicle and she becomes completely incapacitated by her medical condition.

9. Diabetic shock can happen at any given moment – morning, noon or night.

10. During her job interview, Lavelle told Defendant that she was diabetic.

11. On December 30, 2022, Lavelle was scheduled for knee surgery that required work from home status during her recovery period as determined by her medical provider.

12. Lavelle was substantially limited in her ability to walk and stand following the surgery.

13. During Lavelle's approved work from home status, her supervisor, David Hartle reassigned some of Lavelle's accounts to her colleague.

14. Hartle told Lavelle that he was under the impression that she was only going to be off for one week, and had based his approval on that.

15. Hartle also threatened to remove other accounts from Lavelle.

16. Lavelle complained to Defendant's Human Resources/Business Office Manager, Laura Antonio, several times regarding Hartle's behavior toward her.

17. In February, 2023, Lavelle spoke with Gregg Frischling, one of Defendant's owners.

18. After her complaints, Hartle began to nit-pick everything Lavelle did, would not acknowledge her accomplishments and stopped sending new business her way.

19. Lavelle returned to the office on March 13, 2023, however, immediately following this on March 15 and 16 she was hospitalized due to diabetes complications.

20. Hartle docked Lavelle for the two days she was hospitalized even though she had sick time available and when questioned he said, "You have been off for several months and then you come back and you're off 2 more days."

21. Lavelle reminded Hartle that she was not off on vacation rather she was off on "work from home" status approved by Defendant.

22. Hartle replied, "I'm just saying that's how it looks."

23. Lavelle was never paid for her two sick days.

24. On occasions where Lavelle had diabetic shock episodes in the morning, she would send a text to Hartle with a screenshot of her monitor showing the low sugar levels and the time of her diabetic attack to let him know the reason she would be late.

25. She received the same email from Hartle on the days she was late due to her diabetic attack asking for her to provide him with a list of her planned activities.

26. Lavelle requested to work from home as accommodation due to her medical

3

condition, but Defendant denied her request.

27. Hartle questioned Lavelle about her diabetes.

28. He said, "I'm a diabetic and I take a pill every day and I can eat whatever I want." "Why do you have so many complications?" "I thought you were getting a diabetic pump to help regulate your insulin." "Why didn't you get that yet." "You need a new doctor."

29. Lavelle experienced diabetic attacks in April, May and June.

30. Her last attack was June 13, 2023.

31. Lavelle texted Hartle to notify him she would be late at 7:16am and then again at 10:39am to let him know she was having difficulty stabilizing her sugar and asking if she could work from home.

32. Hartle told her he would mark her down as taking a sick day.

33. However, Lavelle did work that day including a virtual call with a client.

34. A month later, on July 12, 2023, Hartle informed Lavelle that she was terminated stating even though she was consistent, he was hoping that she would be more consistent.

## Count I
## Americans with Disabilities Act: Discrimination

35. Plaintiff incorporates by reference the allegations in paragraphs 1 through 34 as if fully restated herein.

36. As described above, Plaintiff is an individual with a disability, and Defendant perceived her as having a disability.

37. Plaintiff was qualified for the senior account executive position and could perform all essential functions of the position. Thus, Plaintiff was a qualified individual with a disability under 42 U.S.C. §12111(8).

38. Defendant refused to make reasonable accommodations for Lavelle's known disabilities in violation of 42 U.S.C. § 12112(b)(5)(A)-(B) and failed to engage in the interactive process as required by law.

39. Defendant then removed Lavelle from her senior account executuve position because of her actual and/or perceived disability, in violation of the ADA, 42 U.S.C. §12112(a).

40. Defendant's violation of the Americans with Disabilities Act was intentional and with reckless disregard of Plaintiff's federally protected right to be free of discrimination on the basis of her disability.

41. As a direct and proximate result of Defendant's illegal and discriminatory actions, Plaintiff has suffered and continues to suffer damages, including but not limited to:

    a. Lost wages and benefits;

    b. Emotional distress, anxiety, humiliation and inconvenience;

    c. Costs and expenses of litigation; and

    d. Attorney's fees.

WHEREFORE, Plaintiff demands judgment against Defendant for Defendant's violation of the Americans with Disabilities Act as follows:

    a. Back pay and benefits from the time Defendant refused to accommodate her, until the time of trial, with interest;

    b. An injunction precluding Defendant from discriminating or retaliating against Plaintiff in any manner prohibited by the Americans with Disabilities Act;

    c. Either reinstatement or front pay;

    d. Compensatory damages for her emotional distress, anxiety, humiliation and inconvenience;

    e. Punitive damages for Defendant's reckless disregard of Plaintiff's federally

    protected rights;

 f. A reasonable attorneys fee and costs and expenses of litigation; and

 g. Such other legal and equitable relief as the Court deems just and proper.

## Count II
## American with Disabilities Act: Retaliation

42. Plaintiff incorporates by reference the allegations in paragraphs 1 through 41 as if fully restated herein.

43. Defendant removed Lavelle from the senior account executive position in retaliation for requesting a reasonable accommodation, in the form of time off and work from home status after her seizures, under the ADA, in violation of 42 U.S.C. §12203(b).

44. Defendant's violation of the Americans with Disabilities Act was intentional and with reckless disregard of Plaintiff's federally protected right to be free of discrimination on the basis of her disability.

45. As a direct and proximate result of Defendant's illegal and discriminatory actions, Plaintiff has suffered and continues to suffer damages, including not limited to:

 a. Lost wages and benefits;

 b. Emotional distress, anxiety, humiliation and inconvenience;

 c. Costs and expenses of litigation; and

 d. Attorney's fees.

WHEREFORE, Plaintiff demands judgment against Defendant for Defendant's violation of the Americans with Disabilities Act as follows:

 a. Back pay and benefits from the time Defendant refused to accommodate her, until the time of trial, with interest;

 b. An injunction precluding Defendant from discriminating or retaliating

      against Plaintiff in any manner prohibited by the Americans with Disabilities Act;

c. Either reinstatement or front pay;

d. Compensatory damages for her emotional distress, anxiety, humiliation and inconvenience;

e. Punitive damages for Defendant's reckless disregard of Plaintiff's federally protected rights;

f. A reasonable attorneys fee and costs and expenses of litigation; and

g. Such other legal and equitable relief as the Court deems just and proper.

## Count III
## PHRA

46. Plaintiff incorporates by reference the allegations in paragraphs 1 through 45 as if fully restated herein.

47. Defendant's firing of Lavelle violated the PHRA, 43 Pa. Conns. Stat.Ann. §955(a) et seq.

48. As a direct result of Defendant's violation of the PHRA, Lavelle has lost wages and other economic benefits of her employment with Defendant, in addition to emotional distress, anxiety, humiliation and inconvenience.

WHEREFORE, Plaintiff requests the following:

a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Pennsylvania Human Relations Act;

b. That Defendant be ordered to instate Plaintiff and provide her accumulated seniority, fringe benefits and all other rights;

c. That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest from the date of discrimination, in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

    d.    That the Court award Plaintiff compensatory damages as a result of Defendant's violations of the Pennsylvania Human Relations Act;

    e.    That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the Pennsylvania Human Relations Act;

    f.    That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

    g.    That the Court grant Lavelle additional relief as may be just and proper.

Respectfully submitted,

**Quatrini Law Group**

/s/ John E. Black, III
John E. Black, III
PA I.D. No. 83727
941 Penn Avenue, Suite 101
Pittsburgh, PA 15222
Telephone: (724) 717-8272
Facsimile: (724) 837-1348
jeb@qrlegal.com

Attorney for Plaintiff